DECISION
These two cases are consolidated and will the subject of this single Decision.
Plaintiffs have appealed concerning the disqualification of certain forestland for the 2008-09 tax year.
A case management conference was held October 8, 2008. Daniella Mittan (Daniella) participated for Plaintiffs; Sue Poling appeared for Defendant. On October 17, 2008, the court issued a Journal Entry that requested the parties file supporting documentation. Defendant's statement was filed October 27, 2008. Plaintiffs' information was filed December 11, 2008.
 I. STATEMENT OF FACTS
According to Defendant's undisputed history of the case, Daniella purchased 58.26 acres of land on March 13, 2002. It included four separate parcels of varying land classifications. The *Page 2 
majority, or 44.43 acres, was under farm use deferral and 12.52 acres were classified as forestland.
In 2004, Daniella applied for the special assessment allowed for the Small Tract Forestland option. The request was granted as to Tax Lots 600 and 602. Those lots are small in size and growing space is limited by a power line right-of-way easement.
Later, according to Plaintiffs' Complaint, "in order to get a conditional use permit from the land development office, the above tax lot[s] had to be transferred to a different name."
On July 9, 2008, Defendant disqualified the acreage on Tax Lots 600 (.94 acre) and 602 (.39 acre) from the special assessment of forestland. The reason provided was "undersized acreage."
 II. ANALYSIS
ORS 321.358(4)[1] requires that minimum tree stocking requirements must be met in order to qualify for the special assessment. Additionally, the area must be at least two contiguous acres in one ownership. Under the facts presented, the subject land does not meet those strict definitions. As such, Defendant's actions are appropriate.
The two tax lots were transferred to each of the Plaintiffs. Immediately afterward, they must be viewed under the same standards but with two different ownerships. The two barriers to obtaining relief are the limited size of the forestland and the inability to meet the strict stocking requirements, especially as to those portions on the power line right-of-way.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his *Page 3 
burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265, 798 P2d 235
(1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeals are denied.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 12,2009. The Court filed and entered this document on June 12, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1